[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

No. 05-12609
Non-Argument Calendar

_____

Agency No. A95-553-299

LUIS MIGUEL HERNANDEZ ECHEVERRI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 29, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Luis Miguel Hernandez Echeverri petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the immigration judge's (IJ's) order finding him removable and denying his application for asylum, withholding of removal under the Immigration and Nationality Act (INA), and the United Nations Convention on Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c). Echeverri asserts the evidence supports the finding he suffered past persecution and has a well-founded fear of future persecution on account of a protected ground, namely imputed political opinion, and thus the IJ erred in denying his requests for asylum and withholding of removal.[1]  Because Echeverri has failed to show he was persecuted or has a well-founded fear of future persecution on account of a protected ground, we deny his petition.

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well.  *Id.*  Here, we review the IJ's decision because the BIA expressly adopted it.

---

[1]  Echeverri has abandoned review of (1) his claim he and his family were persecuted based on their membership in the social group of cattle and landowners, and (2) the IJ's decision to deny him CAT relief, because he failed to raise these claims on appeal.  *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating the petitioner abandoned his CAT claim because he did not raise it in his appellate brief).

2

To the extent the IJ's decision was based on a legal determination, review is de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247–48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283–84 (citation omitted). The substantial evidence test is "deferential" and does not allow "'re-weigh[ing] the evidence' from scratch." *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (citation omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza*, 327 F.3d at 1287 (considering withholding of removal claim). The fact the record may support a contrary conclusion is insufficient to justify reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a

3

> well-founded fear of persecution *on account of* race, religion, nationality, membership in a particular social group, or *political opinion*.

8 U.S.C. § 1101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion [or other statutory factor]." *Al Najjar*, 257 F.3d at 1287 (internal quotations, citation, and emphasis omitted). An asylum applicant may not show merely that he has a political opinion, but must show he was persecuted because of that opinion. *INS v. Elias-Zacarias*, 112 S. Ct. 812, 816 (1992). An asylum applicant's refusal to cooperate with guerillas is not sufficient to show persecution based on political opinion. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (discussing withholding of removal).

An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground in his country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a well-founded

4

fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. "An imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Id.* (quotations and citations omitted).

To qualify for withholding of removal under the INA, an alien must show his life or freedom would be threatened, if returned to his country, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza*, 327 F.3d at 1287. "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Id.*

Substantial evidence supports the IJ's decision that Echeverri was not entitled to asylum or withholding of removal under the INA. Even if the events Echeverri testified to constitute past persecution or a well-founded fear of future persecution, Echeverri's claim fails because the record does not demonstrate any specific, detailed evidence the persecution was based on *actual or imputed political opinion*. Though Echeverri asserts he suffered past persecution based on an imputed political opinion because his father, after informing the Colombian army of the FARC's presence on the family farm, was viewed as an enemy of the FARC, nothing in his testimony demonstrates this nexus. Though he testified his family

5

did not agree with the ideas of the guerillas, his testimony indicates the FARC killed his father, uncles, and cousins to take "revenge on them" because of their refusal to cooperate with their demands concerning the family farm, not because of any political opinion. Refusing to cooperate with the FARC does not sufficiently create a nexus between persecution and political opinion. *See Sanchez*, 392 F.3d at 438.

Echeverri testified he and his family sympathized with the conservative party. Merely having this sympathy is not enough to constitute persecution based on an actual or imputed political opinion. *See id.* Thus, even if the events Echeverri testified to constitute past persecution or a well-founded fear of future persecution, substantial evidence supports the IJ's finding that Echeverri did not suffer this persecution based on a protected ground. As Echeverri did not establish eligibility for asylum, which carries a lower burden of proof, his withholding of removal claim also fails. *See Mendoza*, 327 F.3d at 1287.

PETITION DENIED.